VULCAN MATCH CO. INC. *v.* UNITED STATES

No. 5388.—Invoices dated Oslo, Norway, May 16, 1929, etc.
 Entered at New York, N. Y., May 28, 1929, etc.
 Entry No. 943973, etc.

(Decided August 15, 1941)

Lamb & Lerch (*John G. Lerch* and *David A. Golden* of counsel) for the plaintiff.
 *Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KEEFE, Judge: This case consists of sixty-one appeals, listed in schedule A hereto attached and made a part hereof, for a reappraisement of importations of strike-on-box matches imported from Norway and Holland during the years 1929, 1930, 1931, and 1932. The appraiser advanced the values and also made findings of dumping duty in conformity with Department letters published in T. D. 44720 and T. D. 44721·of the findings of the Secretary of the Treasury

The validity of the appraisements was attacked by the plaintiff upon the grounds that the collector failed to designate and the appraiser failed to examine sufficient packages necessary for a legal appraisement as required by section 499 of the Tariff Acts of 1922 and 1930.

Section 499, so far as pertinent provides as follows:

* * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraise-

ment or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. * * *

Under article 688 of the Customs Regulations of 1923, or article 772 (g) of the Customs Regulations of 1931, certain articles, including matches, are required to be examined at the importers' stores or other suitable places, but not at the public stores.

The record before me discloses that the designation made by the collector for the examination of the merchandise, as appearing on customs Form 6417, attached to the official papers in each case, and under the heading "For examination" is simply the letters "Whf." indicating "wharf."

From the evidence before me it appears that it is a well-established practice of long standing to designate merchandise such as matches for examination upon the wharf by simply indicating "Whf." upon the official papers; that it is the practice of the inspectors to retain 10 per centum of such merchandise upon the wharf for withdrawing of samples by the sampler who would select a sample representative of each class or kind of merchandise and forward it to the appraiser's stores; and that for instance, if he were examining 627 cartons of matches of 5 gross each or a total of 3,135 gross on the invoice, he would take a sample from each of 1 carton of the various brands, but would not sample 314 gross.

The examiner of matches testified that as long as he has been examining matches it has been the practice of the collector to order a wharf examination; that in these particular importations the sampler had provided him with a sample of each variety or brand of the matches imported; that although bought and sold by brand matches are practically all the same and are invoiced at one price; that in making the finding of dumping in the reappraisements before us he had sufficient samples for his needs although he did not examine 1 package out of 10 on any of the invoices. The witness further testified that for the period of these particular importations he was not aware of any regulation of the Secretary of the Treasury or of the Department authorizing an examination of less than 1 in 10 packages of matches, but that strike-on-box matches had been selected for examination and examined in the same manner within his knowledge at the port of New York for a period of 25 years.

Further evidence was adduced upon behalf of the plaintiff and the Government relative to the manner of buying and selling matches, the plaintiff establishing that strike-on-box matches were sold by brand rather than by sample.

From an examination of the official papers and a consideration of the evidence we find that the precise issues here presented were before the Third Division of this court in the case of *United States* v. *John A. Conkey Co.* (*Vulcan Match Co.*), Reap. Dec. 5235, wherein it was held that the designation of the collector similar to the reappraisements herein was illegal; that the sampler failed to draw samples in accordance with law and that the finding of the appraiser of dumping duties upon the basis of such samples was illegal; that in commercial usage matches are not bought and sold throughout the United States by sample; and that the Secretary of the Treasury failed to issue a special regulation authorizing an examination of a less proportion of packages than authorized by the first portion of section 499 of the Tariff Act of 1922 or 1930. It was further held that a long-continued practice of the customs officials in the selection of samples from importations of matches from less than 1 in 10 packages upon each invoice, in the absence of special regulations, does not legalize such unlawful practice.

I therefore hold, on the basis of the record before me in this case, and following the decision heretofore cited and the authorities relied upon therein, that the appraisements of the merchandise, covered by the appeals listed in schedule A hereto attached, are null and void *ab initio*. Judgment will be rendered accordingly.